# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RAJKO MARKOVIC,<br><br>              Plaintiff,<br><br>v.<br><br>DR. CHEN JANG-JUNE and MILWAUKEE SECURE DETENTION FACILITY,<br><br>              Defendants. | Case No. 25-CV-1286-JPS<br><br>**ORDER** |

        Plaintiff, a prisoner proceeding pro se, filed a complaint in the above captioned action. ECF No. 1. Plaintiff has also filed a motion for leave to proceed without prepaying the full filing fee, or to proceed *in forma pauperis*. ECF No. 2. The total cost of filing a civil action is $405.00, which includes the $350.00 statutory filing fee and a $55.00 administrative fee. However, the $55.00 administrative fee does not apply to persons granted *in forma pauperis* status. Pursuant to the Prison Litigation Reform Act (PLRA), a prisoner plaintiff proceeding *in forma pauperis* is required to pay the statutory filing fee of $350.00 for any civil action. *See* 28 U.S.C. § 1915(b)(1).

        Under the PLRA, the Court must assess an initial partial filing fee of either "the average monthly deposits to the prisoner's account or the average monthly balance in the prisoner's account for the [six]-month period immediately preceding the filing of the complaint," whichever is greater. *Id.* After the initial fee is paid, the plaintiff must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). "The agency having custody of the prisoner shall forward payments from the prisoner's account to the

Clerk of the Court each time the amount in the account exceeds $10 until the filing fees are paid." *Id.*

Plaintiff filed a certified copy of his prisoner trust account statement for the six-month period immediately preceding the filing of the complaint as required under 28 U.S.C. § 1915(a)(2). ECF No. 10. The Court will accordingly deny Plaintiff's motion for an extension of time to file a trust account statement, ECF No. 9, as moot. A review of this information reveals that, for the six-month period immediately preceding the filing of the instant complaint, the average monthly deposit in Plaintiff's prison account was $38.33 and the average monthly balance to the account was $0.00. Thus, in accordance with the provisions of 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay an initial partial filing fee of $7.67. Plaintiff shall pay the initial partial filing fee of $7.67 to the Clerk of Court on or before **November 13, 2025**. Failure to pay the initial partial filing fee within the specified time period may result in dismissal of the action with or without prejudice pursuant to Civil Local Rule 41(c) (E.D. Wis.).

The PLRA also provides that if a prisoner files more than three actions or appeals which are dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, the prisoner will be prohibited from bringing any other actions without prepayment of the filing fee (*in forma pauperis*), unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). In the event that Plaintiff's action is later dismissed for any of the above reasons, it will have an impact on his ability to bring other actions without prepayment of the filing fee (*in forma pauperis*). This analysis of the complaint is not undertaken by the Court until after the initial partial filing fee is paid. Accordingly, Plaintiff

will be afforded an opportunity to voluntarily dismiss this action to avoid incurring a "strike" under § 1915(g).

**Notice to Plaintiff**: If you do not wish to proceed with this action to avoid incurring a "strike" under § 1915(g), you must notify the Court by filing a letter with the Clerk of Court on or before **November 13, 2025**, stating that you do not wish to prosecute this civil action. If you write such a letter, this case will be dismissed without prejudice. Voluntary dismissal will not be counted as a "strike" under § 1915(g). However, pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff will be required to pay the full $350 statutory filing fee.

Plaintiff is advised that, if he proceeds with his case and the complaint is screened and dismissed for any reason, the Court will not refund Plaintiff's initial partial filing fee, and Plaintiff will be required to pay the remainder of the $350 filing fee.

Accordingly,

**IT IS ORDERED** that Plaintiff is assessed $7.67 as an initial partial payment of the $350.00 fee for filing this case. On or before **November 13, 2025**, Plaintiff shall forward to the Clerk of Court the sum of $7.67 as an initial partial filing fee in this action.

Upon payment of the initial partial filing fee, the Court will determine whether the action can continue to proceed without prepayment of the filing fee (*in forma pauperis*). The Court will review the complaint to determine that the action is not frivolous or malicious and that the complaint states a claim upon which relief can be granted. If the complaint does not meet this standard, the action will be dismissed;

**IT IS FURTHER ORDERED** that if the Court does not receive either the $7.67 initial partial filing fee or a submission from Plaintiff regarding

Page 3 of 4
Case 2:25-cv-01286-JPS    Filed 10/14/25    Page 3 of 4    Document 11

his initial partial filing fee by **November 13, 2025**, the Court may dismiss this action without prejudice for failure to prosecute and Plaintiff will still owe the $350 statutory filing fee;

**IT IS FURTHER ORDERED** that Plaintiff's motion for an extension of time to file a trust account statement, ECF No. 9, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the institution where Plaintiff is confined.

Dated at Milwaukee, Wisconsin, this 14th day of October, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge